UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL and DEANNA SULLIVAN,

       Plaintiffs,

vs.                                 CASE NO.:

ATTIC IV SELF STORAGE, INC., a
Georgia Corporation,

_____Defendant._____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DANIEL and DEANNA SULLIVAN, ("Plaintiffs"), were employees of Defendant, ATTIC IV SELF STORAGE, INC., ("Defendant" or "Attic"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Additionally, Plaintiffs seek a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

### I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered

workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## II. PARTIES

2.     Plaintiffs were a non-exempt office clerks and performed related activities for Defendants from approximately July 21, 2005 through June 21, 2010.

3.      Defendant, ATTIC IV SELF STORAGE, INC., has its headquarters in Kennesaw, Cobb County, Georgia.

4.      Plaintiffs, performed work, in Hiram, Paulding County, Georgia, therefore venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

### III. JURISDICTION

5.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

6.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV. COVERAGE

7.      At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8.      At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.      At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.    As part of its regular and recurring business activities, Defendant ordered and used goods and materials such as moving and storage equipment, supplies, paper, checks, telephones, computers, pencils, pens, gasoline, etc. that have previously moved through commerce.

### V. FACTUAL ALLEGATIONS

11.    Defendant provides self storage facilities and services to various customers state wide.

12.    Defendant has offices and provides its services throughout Georgia.

13.    Plaintiffs, Daniel and Deanna Sullivan, were employed by Defendant non-exempt office clerks from approximately July 1, 2005 through June 21, 2010.

14.     Plaintiffs were paid a bi-monthly salary in exchange for work performed.

15.     Plaintiffs routinely worked in excess of forty (40) hours per week as part of their regular job duties.

16.     Plaintiffs' primary job duty involved non-exempt job duties.

17.     Plaintiffs were primarily responsible for assisting customers with their rental units in the storage facility, janitorial duties and various clerical work.

18.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs overtime compensation at a rate of time and a half their regular rate of pay for all hours worked over forty in a workweek.

## VII. DECLARATORY JUDGMENT

19.     Plaintiffs reincorporate and readopt all allegations contained in paragraphs 1 through 18 above as though fully stated herein.

20.     Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending, which this Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331 as a federal question exists.

21.   The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

22.   Plaintiffs may obtain declaratory relief.

23.   Defendant employed Plaintiffs.

24.   Defendant is an enterprise.

25.   Plaintiffs were individually covered by the FLSA.

26.   Defendant failed to pay Plaintiffs for all hours worked.

27.   Plaintiffs are entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

28.   Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

29.   Defendant did not rely upon a good faith defense.

30.   Plaintiffs are entitled to an equal amount of liquidated damages.

31.   It is in the public interest to have these declarations of rights recorded.

32.   Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

33.   The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**IIX. RELIEF SOUGHT**

Wherefore, Plaintiffs demand an Order awarding:

(a)     payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207(a)(1);

(b)     an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c)     declaratory relief pursuant to the DJA and FLSA finding that an employer/employee relationship existed; Plaintiffs worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA; Defendant failed to keep accurate time records; Defendant had a legal duty to pay Plaintiffs overtime pursuant to the FLSA; Defendant failed to prove a good faith defense; Plaintiffs are entitled to overtime, liquidated damages, and reasonable attorneys fees and costs pursuant to the FLSA;

(d)     reasonable attorneys' fees and costs for all time worked by the attorneys of Morgan & Morgan in prosecuting this case pursuant to 29 U.S.C. § 216(b);

Plaintiffs also demand a trial by jury.

Dated this 29 day of December, 2010.


Deirdre M. Stephens Johnson, Esquire
GABN 678789
Morgan & Morgan, P.A.
191 Peachtree St. NE, Ste. 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: djohnson@forthepeople.com
Attorneys for Plaintiff